This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

**Plaintiff-Appellant,**

**vs.**                                               **No. 33,493**

**ASHLEY LE MIER,**

**Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna J. Mowrer, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Plaintiff-Appellant

The Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Appellate Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Defendant-Appellee

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** The State appeals from the district court's order excluding one of its witnesses, Ms. Divine Alcanzo. We issued a notice of proposed summary reversal. Defendant has filed a response to our notice. We are not persuaded that the district court properly exercised its discretion in excluding the witness. Accordingly, we reverse the district court's ruling.

**{2}** Relying on the fairly high standard for witness exclusion articulated by our Supreme Court in *State v. Harper*, 2011-NMSC-044, ¶¶ 16-20, 150 N.M. 745, 266 P.3d 25, our notice proposed to hold that there was an insufficient showing of culpability on the part of the prosecution and an insufficient showing of actual prejudice to Defendant to warrant the exclusion of Ms. Alcanzo. In response to our notice, Defendant argues that the facts justify the witness exclusion under *Harper* [MIO 1-9, 13-19] or, alternatively, there are facts in dispute that warrant assignment of this case to the general calendar. [MIO 10-12]

**{3}** Defendant's response emphasizes that the State violated a discovery order that required the prosecution to set up a telephonic interview with Ms. Alcanzo, which was put in place due to the State's failure to provide the defense with accurate information about her and other witnesses. [MIO 2-11, 13-17] Defendant's response does not alter

2

our understanding or our view of the prosecution's conduct. This Court is aware of the district court's discovery order; the standard articulated in *Harper* contemplates the prosecution's violation of a discovery order, however, and requires a high degree of culpability in violating a discovery order. *See id.* ¶ 17 ("Our case law generally provides that the refusal to comply with a district court's discovery order only rises to the level of exclusion or dismissal where the State's conduct is especially culpable, such as where evidence is unilaterally withheld by the State in bad faith, or all access to the evidence is precluded by State intransigence."). Our notice detailed the prosecution's conduct, and proposed to hold that it did not reflect such a degree of culpability. Defendant's response does not persuade us otherwise. The conduct Defendant describes—including the prosecution's failed attempts to set up an interview between defense counsel and its uncooperative, out-of-state witness; its failure to request additional time to arrange an interview; and its failure to attempt to shorten the interview time the defense requested [MIO 6, 9, 15]—reflects negligence in violating the discovery order, not the especially culpable conduct described in *Harper*. *See id.*

{4}     As we indicated above, our notice also proposed to hold that the showing of prejudice was insufficient to warrant witness exclusion. *See id.* ¶ 19 ("[E]ven when a party has acted with a high degree of culpability, [however,] the severe sanctions of

dismissal or the exclusion of key witnesses are only proper where the opposing party suffered tangible prejudice."). We observed that the district court's oral ruling excluding the witness made no reference to any prejudice Defendant may have suffered, and it seemed to have ruled before Defendant made any written allegation of prejudice. [RP 186, 194-97] We further observed that Defendant did not make any claim as to the prejudice she may have suffered in her *motions* to exclude the witness, and only made an allegation of prejudice in her reply after the hearings were held, after the district court orally ruled, and after State filed its response to Defendant's motions. [RP 194-97] Therefore, it appeared to us that the State lacked opportunity to address Defendant's allegation of prejudice, and there is no responsive briefing to assist our review. More importantly, we expressed doubt that Defendant could establish actual prejudice where there was no dispute that the State had provided Defendant with all the written statements made by this witness. [RP 189]

{5}     In response to our notice, Defendant represents that her trial counsel recalled having raised an allegation of prejudice before the district court ruled. [MIO 7, 10] Defendant contends that this creates a disputed material fact that warrants assignment of this case to the general calendar. [MIO 10-12] We are not persuaded. Defendant does not state the specific points of her allegation of prejudice, and the record supports only general assertions. [RP 196-97, 201] Defendant states that Ms. Alcanzo's

4

testimony is crucial to the State, because she was a detention facility guard supervisor who supervised the search of Defendant at the detention center in which it was discovered that Defendant had hidden contraband in her vagina. [DS 2; MIO 5] Defendant contends that it was unclear when and where Ms. Alcanzo found the contraband, and trial counsel was uncertain about what evidence to expect from her. [MIO 5-6] Defendant does not dispute, however, that the witness's statements were given to the defense well in advance, and Defendant does not explain the contents of those statements, and why they were so insufficient as to rise to the level of a complete withholding of evidence. *See id.* ¶ 20 ("The potential for prejudice is manifest when, for example, material evidence is withheld altogether . . . or where the State withholds evidence until the eleventh hour and then springs it on the defendant . . . ."). Because the State made this witness's location and her testimony known, this case does not involve withholding of evidence or delayed disclosure. Under such circumstances, "determination of prejudice is more elusive." *Id.*

{6}     Without more specific argument in the record or on appeal showing prejudice to the defense, we are not persuaded that Defendant suffered actual prejudice as a result of the prosecution's inability to schedule a interview within the time line constructed by the district court.

{7} Relative to this issue, as we stated in our notice, the district court seems to have refused consideration of a ruling that would "affect the evidence at trial and the merits of the case as little as possible," *see id.* ¶ 16, by virtue of its declaration that no further continuances would be granted to permit access to the witnesses. [RP 141] {8}

Lastly, to the extent that Defendant argues that the district court considered less severe remedies and was left with no other remedy short of relinquishing its ability to control its docket, [MIO 19] we are not persuaded that the district court complied with *Harper*. The district court had other means available to address the problem with an uncooperative, out-of-state witness than exclusion. In our view, *Harper* simply prevents exclusion of a witness without a greater showing of culpability and prejudice.

{9} For the reasons stated in this opinion and in our notice, we reverse the district court's exclusion of Ms. Alcanzo testimony and remand for further proceedings.

{10} **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

6

_____

**LINDA M. VANZI, Judge**